## McCartney et al., Appellants, *v.* Craig.

*Wills—Devise of coal—Gift for use of family—Fee simple—Construction of will and codicil—Intent.*

1. To ascertain the intent of testator, the court will construe a will and codicil together, when necessary.

2. Where, by will, testator devises all of his real estate to his daughter, and, by a codicil, provides: "I reserve all the coal underlying said piece of land for the use of my wife and family," and it appears that testator and his family, living on adjoining land, had been using coal from a pit opened on the land devised, for many years, the court will construe the devise as giving an absolute fee to his daughter with a mere reservation of the use of the coal to his wife and family as long as the family relationship continues.

Argued October 7, 1925. Appeal, No. 140, March T., 1925, by plaintiffs, from decree of C. P. Allegheny Co., July T., 1923, No. 1551, dismissing bill in equity, in case of James H. McCartney et al. v. William M. Craig. Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Bill for partition.   Before DOUGLASS, J.

The opinion of the Supreme Court states the facts.

Bill dismissed.   Plaintiffs appealed.

*Error assigned* was, inter alia, decree, quoting record.

*John C. Bane,* with him *Horace Thomas, Sr. & Jr.,* for appellants, cited: Whitaker v. Brown, 46 Pa. 197; Caldwell v. Fulton, 31 Pa. 475.

*Charles W. Jones,* for appellee, cited: Pearson v. Hartman, 100 Pa. 84; Algonquin Coal Co. v. Coal & Iron Co., 162 Pa. 114; Saxton v. Mitchell, 78 Pa. 479.

PER CURIAM, November 23, 1925:

When John Twyford made the will and codicil to which we are about to refer, and, for sometime prior thereto, he and his family who occupied an adjoining property for their home had been using coal from a pit opened on the twenty-five acres of land here involved.

The will provides: "I give and bequeath to my daughter Emma Twyford all my real estate lying north of the Clinton and Scottsville Road......containing about twenty-five acres, to her, her heirs and assigns forever." The codicil provides: "I reserve all the coal underlying said piece of land [the twenty-five acres in question] for the use of my wife and family."

At the death of testator, his widow continued for some time to reside in the family home, with certain of her children.   Plaintiffs, claiming as tenants in common with defendant, the grantee of the original devisee, contend that testator, by the above codicil, made an exception of the coal (which is the property here in controversy), vesting title thereto in his wife and family, including his daughter, Emma, the original devisee, as tenants in common, and that he thereby deprived the latter, to that extent, of the absolute estate previously given to her by the will proper.

Overruling plaintiffs' contentions, the court below correctly states: "In this case we are construing a will, and it seems to us that the plaintiffs [appellants], in relying for the most part upon cases where the reservation or exception was created by a deed, have lost sight of one of the fundamental rules for the construction of a will, [which] is, that......we must look to the four corners of the will to determine from the whole instrument, if that is possible, just what was the intention of the testator. Our finding is based upon......an examination of the [whole] will [including the codicil]. What John Twyford meant in the codicil......was simply to create an available supply of domestic coal for the use of his wife and family as long as that family relationship continued. This being our view [testator's family having separated and ceased to live in the home property], of course, it must follow that defendant, by virtue of the deed which he has from Emma McLaughlin [nee Twyford] and her husband, is the owner in fee simple of the twenty-five acre tract in controversy, including all the coal lying thereunder [and free from the reservation of the family's right to use the coal] ;...... therefore......plaintiff's bill, praying for partition, must be dismissed."

We may add, it is quite apparent from the body of the will that testator knew how to use technical language which would create an absolute estate, and also what words to employ in order to designate a less estate; this is plainly shown not only in other parts of the will but in the very item and codicil with which we are here concerned. If the latter two are put together, testator's meaning becomes clear by the wholly justifiable insertion of a single word. Thus combined they read: "I give and bequeath to my daughter......all my real estate lying north of the Clinton and Scottsville Road......containing about twenty-five acres, to her, her heirs and assigns forever [but] I reserve all the coal underlying said piece of land for the use of my wife and

family." Here we have an absolute grant with a simple reservation of the use of the coal for his wife and family, who then lived on the adjoining premises; and the court below properly so construed the will.

The assignments of error are overruled and the decree is affirmed at cost of appellants.